1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11   NANCY CROSS,                    )        No. C 11-3304 LHK (PR)
                                      )
12              Petitioner,           )        ORDER OF DISMISSAL
                                      )
13        v.                          )
                                      )
14                                    )
     KEITH FUDENNA, et al.,           )
15                                    )
                Respondents.          )
16   _____)

17        Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to

18   28 U.S.C. § 2254 challenging a 2004 conviction and sentence.  Petitioner has paid the filing fee.

19   For the reasons stated below, the Court DISMISSES the petition for lack of jurisdiction.

20                                **DISCUSSION**

21   A.        Standard of Review

22        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

23   custody pursuant to the judgment of a state court only on the ground that he is in custody in

24   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose*

25   *v. Hodges*, 423 U.S. 19, 21 (1975).

26        A district court shall "award the writ or issue an order directing the respondent to show

27   cause why the writ should not be granted, unless it appears from the application that the

28   applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.    Analysis

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  This requirement is jurisdictional.  *See id.*  A habeas petitioner must be in custody for the conviction or sentence under attack at the time the petition is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  A petitioner who files a habeas petition after she has fully served her sentence, and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction, and her petition is thus properly denied.  *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

In this federal habeas petition, Petitioner attacks her 2004 state court conviction. (Petition at 2.)  Petitioner indicates that she is not currently in custody or on probation. (*Id.*)  She states that she received a three-year sentence in November 2004, plus a three-year term of probation as a result of his 2004 state court conviction.  (*Id.*)  As she concedes that she has been released from incarceration, and is currently not subject to probation, she is no longer in custody, and cannot seek federal habeas relief from that conviction.

### CONCLUSION

Accordingly, this case is DISMISSED.  The Clerk shall close the file and enter judgment in this matter.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeal.

IT IS SO ORDERED.

DATED:    7/29/11

LUCY H. KOH
United States District Judge